UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-12038-DJC |
| | ) | |
| $150,000.00 IN UNITED STATES | ) | |
| CURRENCY, SEIZED FROM REGIONS | ) | |
| BANK ACCOUNT NO. 6001303610, | ) | |
| Defendant. | ) | |

**FINAL JUDGMENT AND ORDER OF FORFEITURE, AND
ORDER RELEASING OTHER PROPERTY**

**CASPER, D.J.**

This Court, having allowed the parties' Joint Motion for Final Judgment and Order of

Forfeiture and Order Releasing Other Property, it is hereby

ORDERED, ADJUDGED and DECREED:

1.      Judgment by agreement of the Parties is hereby entered for the forfeiture to the

United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 984, of the

defendant property, that is, the agreed amount of $150,000.00, together with any interest or other

return actually earned on that $150,000.00 portion of certain United States funds, duly seized

from Regions Bank Account No. 6001303610, in the name of Joya Industries, Inc., at a branch of

Regions Bank in Miami, Florida, pursuant to a warrant issued in this district and executed at

Regions Bank on July 19, 2010 (the "Forfeited Property").

2.      The Forfeited Property shall be disposed of by the United States Marshals Service

pursuant to the Settlement Agreement, attached hereto as Exhibit 1, entered into between the

United States and the claimant, Joya Industries, Inc., and applicable law.

3.      After entry of this Order, and in accordance with the Settlement Agreement, the

United States Marshals Service shall release the remainder of the $1,005,405.91 seized from

Regions Bank Account No. 6001303610 (the "Seized Funds"), in the amount of $855,405.91,

together with any interest or other return actually earned on that $855,405.91 portion of the

Seized Funds, to Joya Industries, Inc., through its attorney, Manuel F. Fente, Esquire.

     4.     Any claim of interest of any other person who may assert any right, title, or

interest in or to the Forfeited Property is hereby held in default and dismissed.

     5.     This Court shall retain jurisdiction in this case solely for the purpose of enforcing

the terms of this Judgment.  Otherwise, this Order shall be, and hereby is, the full and final

disposition of this civil forfeiture action.

     DONE and ORDERED in Boston, Massachusetts this _____ day of _____,

2011.


                                     _____

                                     DENISE J. CASPER
                                     United States District Judge

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
          Plaintiff

     v.                              CIVIL ACTION NO.

$150,000.00 IN UNITED
STATES CURRENCY, SEIZED
FROM REGIONS BANK
ACCOUNT NO. 6001303610,
          Defendant

### SETTLEMENT AGREEMENT

The United States of America and Joya Industries, Inc. (hereinafter the "Parties"), by their undersigned attorneys, set forth the following:

WHEREAS, on July 19, 2010, the United States executed a seizure warrant, issued by a United States Magistrate Judge in this district, at a branch of Regions Bank in Miami, Florida, authorizing seizure of all funds on deposit in Regions Bank account number 6001303610, in the name of Joya Industries, Inc., (the "Joya Account");

WHEREAS, pursuant to the seizure warrant, Regions Bank subsequently paid over to the United States the sum of $1,005,405.91 from the Joya Account (the "Seized Funds");

WHEREAS, Joya Industries, Inc. asserts that it is the beneficial owner of the Seized Funds;

WHEREAS, since the seizures, the Parties have engaged in settlement negotiations in the hope of resolving this matter without litigation, and have agreed on the resolution set forth in this Agreement, which the Parties believe is fair and just



under all of the circumstances;

WHEREAS, the Parties' agreement calls for forfeiture to the United States of $150,000.00 of the Seized Funds, together with any interest or other return actually earned on that $150,000.00 portion of the Seized Funds, via an assented-to civil judicial forfeiture complaint for forfeiture *in-rem*, and release of the remainder of the Seized Funds, in the amount of $855,405.91, together with any interest or other return actually earned on that $855,405.91 portion of the Seized Funds, to Joya Industries, Inc., through its attorney (the "Released Funds"); and

WHEREAS, the agreed forfeiture cannot be conducted by administrative process and requires court approval;

NOW THEREFORE, the Parties stipulate and agree as follows:

1.   Upon execution by the Parties, this Agreement and the Parties' Assented-To Complaint for Forfeiture *in Rem* (the "Complaint"), a copy of which is attached as Exhibit A to this Agreement, shall be filed with the Court.  The Parties hereby assent to this Court's conduct and final disposition of the proposed civil forfeiture pursuant to 28 U.S.C. § 636(c) and the applicable Local Rules and Standing Orders of this Court.  The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this Agreement.

2.   Subject to the terms set forth in this Agreement and in



the Final Judgment and Order of Forfeiture that the Parties will ask the Court to enter pursuant to the Complaint, the Parties agree that $150,000.00 of the Seized Funds, together with any interest or other return actually earned on that $150,000.00 portion of the Seized Funds, shall be forfeited to the United States of America.  Within a reasonable time after entry of the proposed Final Judgment and Order of Forfeiture, the remainder of the Released Funds, shall be returned to Joya Industries, Inc., through its counsel, except as provided in Paragraph 3 below.

3.  Joya Industries, Inc. hereby represents that it has contacted all its clients who might otherwise have attempted to claim any part of the Seized Funds, that they have informed all such clients of this Agreement and of the proposed forfeiture of a portion of the Seized Funds, and that they are not aware that any such client intends to contest the proposed forfeiture.  Joya Industries, Inc. agrees to indemnify the United States and to hold it harmless against any claims relating to any portion of the Seized Funds, including, without limitation, any claims contesting the agreed forfeiture of $150,000.00 of the Seized Funds, or the return of the Released Funds.  If any claims are filed contesting the agreed forfeiture, Joya Industries further agrees that the United States, in its discretion, may retain a sufficient additional portion of the Seized Funds to cover those claims and still ensure the final and uncontested forfeiture of

3



the full agreed amount of $150,000.00 until such time as those claims are either finally rejected by the courts, including any appeal, or paid pursuant to court order from the retained Seized Funds.  The waiver of appellate rights set forth in Paragraph 6 below does not prevent any of the Parties, in its discretion, from defending the agreed forfeiture on appeal against any such non-Party claim, or contesting via appeal any court order to pay a non-Party claim out of the Seized Funds.

4.   Joya Industries, Inc. generally and unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office, the United States Drug Enforcement Administration, and the United States Marshals Service, as well as any other federal, state, county, or local law enforcement agencies whose personnel assisted, or will assist, in the seizure and detention of the Seized Funds, the return of the Released Funds, and the agreed forfeiture of a portion of the Seized Funds, from any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the seizure and detention of the Seized Funds and the agreed forfeiture of a

4



portion of the Seized Funds to the United States.

5.   Without in any way limiting the scope of Paragraph 4, Joya Industries, Inc. specifically agrees to waive any and all constitutional claims that it may have arising from or relating in any way to the seizure and detention of the Seized Funds, the return of the Released Funds, and the agreed forfeiture of a portion of the Seized Funds to the United States, including claims that the forfeiture violates the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

6.   All rights of appeal as against each other with respect to the civil matters encompassed by this Agreement are hereby waived by all Parties.  Each of the Parties shall bear its own costs, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to these matters.

7.   Joya Industries, Inc. agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt that it may owe to the United States.

8.   Joya Industries, Inc. hereby acknowledges that it is represented by competent counsel in connection with the



Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained to it, and that it is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

9.  The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all civil claims arising out of the seizure and restraint of the Seized Funds by the United States, the return of the Released Funds, and the forfeiture of the agreed portion of the Seized Funds to the United States.

6



IN WITNESS WHEREOF, the United States of America, by its
attorney, and Joya Industries, Inc., by its attorney, hereby
execute this Agreement.  The execution may be by multiple
signature pages, each of which shall constitute part of the
Agreement.

CARMEN M. ORTIZ,
United States Attorney,

By: _____
Neil J. Gallagher
Mary B. Murrane
Assistant U.S. Attorneys
John Joseph Moakley Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100


JENNIFER SHASKY CALVERY
Chief, Asset Forfeiture and
Money Laundering Section

By: _Scott Paccagnini /MRM_
Scott Paccagnini
Trial Attorney
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-1263


Date: _11/24/10_

7



Joya Industries, Inc.
By its attorney,

_____
Manuel Fente, Esq.
Attorney at Law
1110 Brickell Ave, 7th Floor
Miami, Florida  33131

Date:  _11-11-2010_

ACKNOWLEDGMENT AND AUTHORIZATION OF SETTLEMENT AGREEMENT:

    Joya Industries, Inc., by Jorge A. Medina, its President, hereby confirms that it has authorized its attorney, identified above, to execute the foregoing Agreement on its behalf, as of the date set forth above.

    **Joya Industries, Inc.**

By: _____ , hereunto duly authorized.

9



# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
           Plaintiff

    v.                                CIVIL ACTION NO.

$150,000.00 IN UNITED
STATES CURRENCY, SEIZED
FROM REGIONS BANK
ACCOUNT NO. 6001303610,
           Defendant

## ASSENTED-TO COMPLAINT FOR FORFEITURE *IN REM*

    The United States of America, with the assent of Joya Industries, Inc. ("Joya" or "Claimant"), by the undersigned attorneys, in a civil action of forfeiture pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Title 18, United States Code, Sections 981(a)(1)(A) and 984, states as follows:

    1.    This Court has subject matter and *in rem* jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1395. The Parties in their Settlement Agreement have assented to have a United States Magistrate Judge conduct all proceedings in this assented-to civil forfeiture case pursuant to 28 U.S.C. § 636(c), and the applicable Local Rules and Standing Orders of this Court.

    2.    The Defendant Property consists of the agreed amount of $150,000.00, together with any interest or other return actually earned on that $150,000.00 portion of certain United States funds, duly seized from a bank account at the Regions Bank in

Miami, Florida, pursuant to a warrant issued in this district and executed at Regions Bank on July 19, 2010, that is, $1,005,405.91(the "Seized Funds") seized from Regions Bank account number 6001303610, in the name of Joya Industries, Inc. (the "Subject Account").

3.    The Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 because it constitutes property involved in transactions or attempted transactions in violation of 18 U.S.C. §1956, property traceable to such property, or fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

4.    Without admitting its own involvement in, contemporaneous awareness of, or liability for, any violations of law arising from or relating to the following facts, and for purposes of its Settlement Agreement with the United States and this Assented-To Complaint, which is an integral part of the Settlement, Claimant Joya admits that the following facts are true:

A.    Joya Industries, Inc. ("Joya") was incorporated in Florida on or about October 21, 1976, and at all pertinent times, was on record with the state of Florida as existing and maintaining an office in Florida.

B.    On or about October 18, 1993, Joya opened the Subject

2

Account at Regions Bank in Miami, Florida.

C.    Between 1976 and the present time, Joya's primary
business has been the sale and exportation of food products
from Florida to several countries in South America,
including Colombia.

D.    Without Joya's direct knowledge or participation, one
or more companies in Colombia that purchased legitimate food
products from Joya paid for those food products with U.S.
dollars purchased on the Black Market Peso Exchange ("BMPE")
in Colombia.  The purchaser of Joya's food products, instead
of sending payment for food products directly to Joya,
arranged to sell pesos in Colombia on the black market in
exchange for U.S. dollars.  Without Joya's direct knowledge
or participation, the source of the U.S. dollars sold on the
BMPE, that were then wiretransferred to the Subject Account
as payment for legitimate goods, was at times the proceeds
of drug sales in the United States from drugs that
originated from Colombia.

E.    The total amount of the funds involved in these
transactions that were derived from U.S. dollars sold on the
BMPE and transmitted into the Subject Account was at least
$150,000.00.

F.    On July 19, 2010, the United States executed a seizure
warrant, issued by a United States Magistrate Judge of this

3

District, at a branch of Regions Bank in Miami, Florida,
authorizing seizure of all funds on deposit in the Subject
Account.

G.   Pursuant to that seizure warrant, Regions Bank
subsequently paid over to the United States the Seized Funds
in the amount of $1,005,405.91 from the Subject Account.
The Seized Funds were turned over to the United States
Marshals Service ("USMS"), are being held by USMS in its
Seized Asset Deposit Fund, and are subject to the
jurisdiction and orders of this Court.

5.   Joya asserts that it is the beneficial owner of the
Seized Funds.

6.   By virtue of the facts set forth herein, the Defendant
Property is subject to forfeiture to the United States of America
pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 as property
involved in transactions or attempted transactions in violation
of 18 U.S.C. §1956, property traceable to such property, or
fungible property that was found in the same account as the
property involved in such transactions that had occurred within
one year before the date of seizure.

7.   The United States and Joya have agreed to waive any
rights that they might otherwise have had to demand or receive
discovery from each other under the Federal Rules of Civil
Procedure, and jointly request that judgment of forfeiture be

4

entered.

WHEREFORE, the United States of America prays, with the assent of Joya:

1.    That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him, pursuant to 18 U.S.C. § 983(a)(4) and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to retain custody of the Defendant Property and to give notice to any interested persons other than Joya to appear and show cause why the agreed forfeiture should not be decreed;

2.    That judgment of forfeiture be decreed against the Defendant Property;

3.    That thereafter the Defendant Property be disposed of according to law;

4.    For costs and all other relief to which the United States may be entitled; and

5.    That, upon conclusion of this assented-to forfeiture, pursuant to the parties' Settlement Agreement, and particularly subject to Paragraphs 2 and 3 of that Agreement, the Court direct the United States Marshals Service to return the remainder of the Seized Funds, in the amount of $855,405.91, together with any interest or other

5

return actually earned on that $855,405.91 portion of the

Seized Funds, to Joya, through its attorney.

Respectfully submitted,
CARMEN M. ORTIZ,
United States Attorney,

By: _____

Neil J. Gallagher
Mary B. Murrane
Assistant U.S. Attorneys
John Joseph Moakley Courthouse
Suite 9200
1 Courthouse Way Boston, MA 02210
(617) 748-3100

JENNIFER SHASKY CALVERY
Chief, Asset Forfeiture and
 Money Laundering Section

By: _____

Scott Paccagnini
Trial Attorney
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-1263

Date: __11__/__24__/__10__

JOYA INDUSTRIES, INC., BY ITS UNDERSIGNED COUNSEL, HEREBY
ASSENTS TO THE FOREGOING COMPLAINT FOR FORFEITURE *IN REM*:

Joya Industries, Inc.
By its attorney

Manuel Fente, Esq.
Attorney at Law
1110 Brickell Ave, 7th Floor
Miami, Florida  33131


Date: 11-11-2010

7

<u>Verification</u>

I, Judy Cordier, Task Force Agent, United States Drug Enforcement Administration, state that I have read the foregoing Assented-To Complaint for Forfeiture *in Rem*, and that the contents thereof are true to the best of my knowledge, information, and belief.

_____
Judy Cordier
Task Force Agent
Drug Enforcement Administration

<u>Commonwealth of Massachusetts</u>

Suffolk, ss.                                        Boston,
                                                   Massachusetts


On this 24th day of November, 2010, before me, Lisa J. Talbot _____, the undersigned notary public, personally appeared Judy Cordier, proved to me through satisfactory evidence of identity, which was personally known, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

_____
Notary Public   May 13, 2016

My commission expires:

LISA J. TALBOT
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 13, 2016